OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant was convicted by this court, sitting as the trier of fact, of the crime of murder in the second degree. The evidence at trial established, beyond a reasonable doubt, that the defendant did murder a frail, 65-year-old Roman Catholic nun by stabbing her to death.
Prior to sentencing, the court received an application from the New York Broadcasters Pool of the Office of Court Administration, pursuant to the Uniform Rules for Trial Courts (22 NYCRR part 131), requesting permission to videotape the sentencing proceeding for later broadcast. The court must now rule upon said request.
*47 In accordance with the rules (22 NYCRR 131.4 [a]), the court did consult with the media applicant and counsel for both sides.
The People did not oppose the application. However, defense counsel voiced strong objection, arguing that the defendant’s life would be placed in danger if the facts underlying the conviction were made known to his fellow inmates through the media. Indeed, the defendant has been held in protective custody by the Department of Correction because of this risk.
Having heard argument and after careful consideration of the relevant factors, it is ordered that the application for audio-visual coverage is granted but specific limitations will be placed upon the media.
In light of defense counsel’s objection and the limitations placed on the media, the court must state the basis for its determination. (22 NYCRR 131.4 [d].)
In ruling on this type of application the court,
"shall consider all relevant factors, including but not limited to:
"(1) the type of case involved;
"(2) whether the coverage would cause harm to any participant;
"(3) whether the coverage would interfere with the fair administration of justice, the advancement of a fair trial, or the rights of the parties;
"(4) whether the coverage would interfere with any law enforcement activity;
"(5) whether the proceedings would involve lewd or scandalous matters;
"(6) the objections of any of the parties * * * [to] the proceeding^] * * *
"(7) * * * [whether the] equipment required * * * [could] be installed and operated without disturbance * * * in the courthouse; and
"(8) the extent to which the coverage would be barred by law in the judicial proceeding of which coverage is sought” (22 NYCRR 131.4 [c]).
As this case is ready to proceed to sentencing the relevancy of a number of the factors has faded. Nevertheless, the second factor, potential harm to one of the parties, weighs heavy on the court’s mind and causes the court to hesitate in granting the application in its entirety. Indeed, the court does not take *48 lightly the concern for defendant’s safety while incarcerated, given the highly emotional and unusual nature of the crime.
However, the court is also cognizant of, and in agreement with, the legislative finding underlying the rules, "that an enhanced public understanding of the judicial system is important in maintaining a high level of public confidence in the Judiciary” (22 NYCRR 131.1 [a]).
Accordingly, the application for videotaping coverage is granted. The special limitations imposed are as follows: It is directed that only the rear of the defendant’s head shall be filmed. The court prohibits the filming of the defendant’s face. This balancing process will effectively meet the concerns of the defendant and the public’s right of access to the courtroom through the media.